# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHRISTOPHER HICKS**

    **Plaintiff,**

  v.

**KATHLEEN CROWLEY,** *et al.***,**

    **Defendants.**

:

:

**Case No. 2:22-cv-2204**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## ORDER

The Court previously issued a February 14, 2025 Order (ECF No. 66) that, among other things, granted summary judgment to Mr. Hicks on his First Amendment right of access (Claim 1) and Fourteenth Amendment procedural due process (Claim 2) claims against the Ohio Board of Tax Appeals' Board Members as to the Dec. 9, 2021 Ban and denied the Board Members qualified immunity on the same. This matter is before the Court following the Board Members' appeal of the Feb. 14 Order as to the Court's determination that the unlawfulness of the Board Members' conduct was clearly established and, thus, the Board Members were not entitled to qualified immunity. The Sixth Circuit reversed that determination. (ECF No. 72, 73.) Accordingly, for the reasons stated in the Sixth Circuit's decision, this Court **VACATES** its Feb. 14 Order as to its finding that the unlawfulness of the Board Members' conduct was clearly established and **GRANTS** qualified immunity to the Board Members on Claim 1 and Claim 2.

Since the Sixth Circuit "only consider[ed] whether Hicks proved that the ban's unlawfulness was clearly established", its decision left undisturbed the Feb. 14 Order as to the Court's grant of summary judgment to Mr. Hicks on Claim 1 and Claim 2 against the Board Members in their official capacities. (ECF No. 72, PAGEID # 964.) Thus, Mr. Hicks may still obtain his requested permanent injunctive relief against the Board Members in their official capacities as to the Dec. 9 Ban.[1] "A party is entitled to a permanent injunction if it can establish that it suffered a constitutional violation and will suffer 'continuing irreparable injury' for which there is no adequate remedy at law." *Wedgewood Ltd. P'ship I v. Twp. Of Liberty, Ohio*, 610 F.3d 340, 349 (6th Cir. 2010). Generally, a district court should conduct an evidentiary hearing before issuing a permanent injunction; however, such a hearing is not required where no factual issues remain for trial. *Id.*

Accordingly, the Court **ORDERS** the Board Members to **SHOW CAUSE within 14 days from the date of this Order** why the Court should not enter judgment against them on Claims 1 and 2 in their official capacities and permanently enjoin them from enforcing the Dec. 9 Ban.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[1] The Court previously issued a preliminary injunction to prevent enforcement of the Dec. 9 Ban. (ECF No. 34.)